DYAL v. THE STATE.

1. Where K. D. and W. M., upon an agreement to fight "a fair fight" without weapons, were preparing to engage in such a fight, and A. M., a brother of W. M., came up to them with a gun, which K. D. seized, and while K. D. and A. M. were struggling over the gun, J. D., a brother of K. D., with another gun shot and killed W. M., K. D. was criminally responsible for J. D.'s act if it was the result of a previous conspiracy between these two to kill W. M.; but if there was no such conspiracy, and K. D. did not participate in the design to kill, he was not legally responsible for the homicide. In any event, K. D. under such circumstances was guilty of murder or nothing.

2. There being no view of the evidence under which a verdict for voluntary manslaughter could be legally rendered against the accused on trial, it was error to give in charge to the jury the law relating to this grade of homicide.

October 21, 1895.

Indictment for murder. Before Judge Sweat. Appling superior court. March term, 1895.

*G. J. Holton & Son* and *T. A. Parker*, for plaintiff in error. *W. G. Brantley, solicitor-general,* and *E. D. Graham,* contra.

LUMPKIN, Justice.

An indictment was returned against John Dyal and Kossuth Dyal, who were brothers, for the murder of William McEachin. Kossuth Dyal was tried, and found guilty of voluntary manslaughter. Andrew McEachin, a brother of the deceased, was present and to some extent participated in the difficulty which resulted in the homicide. For the sake of brevity, these parties will hereinafter be designated, respectively, as "John," "Kossuth," "William" and "Andrew."

It appears from the evidence, that Kossuth and William had made an agreement to fight "a fair fight" without weapons. While they were preparing to engage in a fight of this kind, Andrew came up to them with a gun, which Kossuth immediately seized, and a struggle then ensued

between these two for the possession of the gun. While this struggle was in progress, John, with another gun, shot and killed William.

It was contended by the State that, previously to the occurrences just narrated, John and Kossuth had entered into a conspiracy to kill William, and that the design of that conspiracy was accomplished by his being killed at the time and in the manner above stated. This theory of the State was denied by the accused, and the evidence upon this issue was conflicting. If such a conspiracy in fact existed, and in pursuance of it John killed William in the presence of Kossuth, and the latter at the time participated in the design to kill, he was, though not the actual slayer, legally responsible for John's act and was guilty of murder. If there was no such conspiracy, and the only purpose of Kossuth upon the occasion in question was to have a "fair fight" with William, from which he was diverted by the appearance of Andrew with the gun; and if Kossuth, while struggling with the latter to obtain possession of the gun, in no way participated in John's attack upon William with the other gun, it would be difficult to perceive how Kossuth was in any way chargeable with the homicide.

Taking the case as a whole, there is no view of it which would justify a conviction of Kossuth for the offense of voluntary manslaughter. The law upon this subject ought not to have been given in charge to the jury, because it was wholly inapplicable to the facts presented, and diverted the attention of the jury from the real issues to be passed upon by them. The case should be tried again; and if the evidence is substantially the same as at the previous trial, Kossuth should either be convicted of murder, or acquitted.　　　　　　　　　*Judgment reversed.*