## LESTER *v.* THE STATE.

COBB, P. J. The evidence for the State authorized a verdict for murder. The accused introduced no evidence, but his statement,. if credible, authorized an acquittal. There was no view of the evidence or state-ment of the accused under which a verdict for voluntary manslaughter could be legally rendered. A new trial should have been granted upon the ground that the verdict finding the accused guilty of voluntary· manslaughter was contrary to the evidence. *Herrington* v. *State,* ante, 745, and cit.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Argued June 20,—Decided July 2, 1906.

Indictment for murder. Before Judge Russell. Motion for new trial before Judge Roan. Jackson superior court. May 3, 1906.

The testimony relied on for conviction went to show that Harris and Morris went to the house of a woman and insisted on being admitted; that she opened the door over the objection of Lester, the accused, who was in the room, who said, "There is nobody com-ing in here to-night," and fired his pistol several times, wounding Harris and killing Morris. The testimony of the woman and the statement of the accused tended to the effect that the shooting was done by Harris, and that the accused did nothing aggressive.

*Lewis C. Russell,* for plaintiff in error.
*S. J. Tribble, solicitor-general,* contra.