## FUDGE v. THE STATE.

GILBERT, J. 1. Where one jointly indicted with others for murder is on trial, if there is no evidence of conspiracy and the person on trial did not inflict the mortal wound, a verdict of guilty can not stand. *Dyal* v. *State*, 97 *Ga.* 428 (25 S. E. 319); *McLeroy* v. *State*, 125 *Ga.* 240 (54 S. E. 125); *Baynes* v. *State*, 135 *Ga.* 219 (69 S. E. 170).

2. Mere presence and participation in the general transaction in which a homicide is committed is not conclusive evidence of consent and concurrence in the perpetration of a crime by a defendant sought to be held responsible for the homicide as aiding and abetting the actual perpetrator, unless such defendant participated in the felonious design of the person killing. Whether or not there was such participation is to be determined by the jury under the facts and circumstances of the case. *Brooks* v. *State*, 128 *Ga.* 260 (57 S. E. 483, 12 L. R. A. (N. S.) 889); *Futch* v. *State*, 137 *Ga.* 75 (3 *a*) (72 S. E. 911).

3. The case having been submitted to the jury upon instructions contrary to the above principles, the judgment overruling the motion for new trial must be

*Reversed. All the Justices concur, except Fish, C. J., absent.*

No. 851. MAY 17, 1918.

Indictment for murder. Before Judge Howard. Marion superior court. February 9, 1918.

*W. E. Drane* and *George P. Munro*, for plaintiff in error.

*Clifford Walker*, attorney-general, *C. F. McLaughlin*, solicitor-general, and *M. C. Bennet*, contra.