## 16733.   GRAHAM v. THE STATE.

PER CURIAM.   1. There was no error in the following charge: "A witness may be impeached by disproving the facts testified to by him, or by proof of contradictory statements previously made by him of matters relevant to his testimony and to the case, or by proof of general bad character. When thus impeached, or sought to be, in either of the *latter* instances, he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." (Italics ours.) The phrase "in either of the latter instances" excludes the first method of impeachment,—by disproving the facts testified to by the witness,— and this differentiates the case from the cases of *Bell* v. *State*, 100 *Ga.* 78 (27 S. E. 669), and *Harper* v. *State*, 17 *Ga. App.* 561 (87 S. E. 808), cited and relied upon by plaintiff in error. See, however, *McBride* v. *State*, 150 *Ga.* 92 (1) (102 S. E. 865).

2. There are some theories deducible from the evidence and the statement of the defendant that would tend to show voluntary manslaughter. Under the broad rulings of the Supreme Court and of this court "if there *be any evidence to create a doubt, however slight,* as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both of these offenses should be given. *Jackson* v. *State*, 76 *Ga.* 473, 478; *Wayne* v. *State*, 56 *Ga.* 113." And "if there is anything deducible from the evidence or from the defendant's statement at the trial that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter." *Griffin* v. *State*, 18 *Ga. App.* 462 (89 S. E. 537). See *Weldon* v. *State*, 21 *Ga. App.* 330 (*h*) (94 S. E. 326).

*Judgment affirmed.*  *Broyles, C. J., and Bloodworth, J., concur.  Luke, J., dissents.*

DECIDED NOVEMBER 11, 1925.

Conviction of manslaughter; from Pierce superior court—Judge Reed.   July 13, 1925.

*James R. Thomas & Son,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

LUKE, J., dissenting.   I can not agree to the second division of the decision.   In my opinion, the evidence of the State was in substance that the deceased was coming towards the accused without any attempt or threat to commit a serious personal injury upon him.   The statement of the defendant and the evidence introduced by him was in substance that the deceased had threatened to kill him, that the threat had been communicated to him, and that at the time of the homicide the deceased was advancing upon him with a knife.   The evidence of the State made a case of murder, while that of the defendant made a case of justifiable homicide; and for this reason the trial judge, in my opinion, erred in charg-

ing on voluntary manslaughter. See *James* v. *State,* 123 *Ga.* 548 (51 S. E. 577) ; *Worley* v. *State,* 138 *Ga.* 336, 339 (75 S. E. 240) ; *Dyal* v. *State,* 97 *Ga.* 428 (25 S. E. 319) ; *Hudson* v. *State,* 24 *Ga. App.* 310 (100 S. E. 784).