28047. McCORKLE v. THE STATE.

DECIDED FEBRUARY 22, 1940.

*S. T. Brewton,* for plaintiff in error.

*Ralph L. Dawson,* solicitor-general, *J. P. Dukes, H. H. Durrence,* contra.

GUERRY, J. Tillman and McCorkle were jointly indicted for the murder of one Moody. On separate trials each was found guilty of involuntary manslaughter in the commission of an unlawful act. The uncontradicted evidence was that one Hendley borrowed a car belonging to the wife of the defendant McCorkle in order to come to Claxton and see about his own car which was being repaired. Hendley found that his car had been repaired and then procured

Tillman to drive the McCorkle car back home. McCorkle rode in the car with Hendley to a filling-station between the McCorkle home and Claxton after Hendley had borrowed the car from Mc-Corkle's wife. The evidence is conflicting as to whether or not McCorkle went on to Claxton in the car, or stopped at the filling-station, some of the witnesses testifying for the State that Mc-Corkle stopped at a filling-station and liquor-shop between his home and Claxton. Hendley procured Tillman, in Claxton, to drive the McCorkle car back home, and he followed in his own car. They stopped at the filling-station on the return trip and the evidence is in conflict as to whether Tillman or McCorkle was driving the car when they left the filling-station going toward McCorkle's home. The collision with the deceased's car occurred about a mile or two from the filling-station. Both Tillman and McCorkle were under the influence of whisky, and the evidence is that when the car they were riding in struck Moody's car it was on the left side of the center of the road. The first witness for the State at the scene of the wreck testified: "Mr. Tillman was hanging out of the car on the driver's side, with the door open. His head was on the ground with his shoulders just touching the ground. His feet were hung under the brake and clutch pedals of the car. Mr. McCorkle was lying across the seat with his head under the position of the steering wheel, facing the steering wheel and his feet doubled in the seat also." Both men were in a semi-conscious condition. Neither of the cars had turned over, and both were in the road.

The record shows that before the trial of McCorkle, Tillman had been convicted of involuntary manslaughter in the commission of an unlawful act. The unlawful acts shown were the operation of the car while under the influence of whisky and driving on the left side of the road while meeting another car. If Tillman was driving the car at the time of the collision a verdict of guilty as to him was warranted. If he was not driving the car he was not in the commision of an unlawful act by merely riding in the car being driven by McCorkle. If McCorkle was driving at the time of the collision a verdict of guilty as against him was authorized by the evidence. There is no contention that the driving of the car was the joint act of both of the named defendants. Neither of the defendants was the owner of the car so that the act of the driver might be imputed to the one riding as a passenger in the car at the time, as was held

in *Moreland* v. *State,* 164 *Ga.* 467, 470 (139 S. E. 77). It was said in that case that where the owner is riding in the car at the time, such a fact "established prima facie that defendant, having power to control the machine, either knew, or allowed it to be illegally run, and was therefore guilty."

There is no evidence in this case to warrant any charge or to support any verdict based on a conspiracy. If Tillman was driving the car, and there was plenty of direct evidence to that effect, as well as the position of his body immediately after the collision, he and he alone was guilty. There was no joint enterprise between Tillman and McCorkle in the operation of the car at the time. Tillman drove the car from Claxton to the filling-station, according to the undisputed evidence. McCorkle got in the car there to ride to his home. This fact did not constitute their riding together a joint enterprise, nor did it make the person riding in the car a principal in the second degree, since he was not aiding or abetting the driver of the car. In *Easterling* v. *State,* 12 *Ga. App.* 690 (78 S. E. 140) it is said: "Where two persons are jointly indicted for an offense which does not require in its commission the joint act of both, but may be separately committed by either, a verdict finding one of the defendants guilty, if supported by the evidence, would be authorized." If, in fact, the act was committed by only one of the two persons jointly indicted, and there was no conspiracy or joint act shown; and the other person was not aiding or abetting in the commission of the act, then the conviction of only one of the two was authorized.

The court in the present case charged on the law of conspiracy, and error is assigned on such charge as being unsupported by any evidence. "In criminal law, conspiracy is a combination or agreement between two or more persons to do an unlawful act, and may be established by proof of acts and conduct, as well as by direct proof or by express agreement." *Bolton* v. *State,* 21 *Ga. App.* 184 (94 S. E. 95). There is no direct proof of any conspiracy, nor do the facts shown by the evidence here indicate any combination or agreement as between Tillman and McCorkle in the operation of the car. Under the uncontradicted evidence Hendley had possession of the car from the owner. Hendley placed Tillman in possession of the car to drive it to Mrs. McCorkle's home. On the way to Mrs. McCorkle's home Tillman stopped the car and McCorkle

got in it to ride to his home. Moody was killed while Tillman and McCorkle were riding in the car and as a result of the driver of the car being drunk and driving on the left side of the road when he was attempting to pass the car he was meeting which was being driven by Moody. As was said in *McLeroy* v. *State*, 125 *Ga.* 240, 242 (54 S. E. 125), "If the defendant did not kill, and if he was not in conspiracy with the one who did kill, he certainly was not guilty of murder." In other words, it must be shown that the death of the deceased in this case was caused by the unlawful acts of McCorkle before McCorkle could be convicted, unless there was a conspiracy shown between Tillman and McCorkle. The death must be traced to the person who was driving the car. A passenger in a car who is not the owner or one in charge of the car and responsible therefor, is not responsible for the acts of the driver of the car unless it is shown that the car is being operated as a part of a joint enterprise between such passenger and the driver. See discussion in *Walker* v. *State*, 116 *Ga.* 537, 542 (42 S. E. 787, 67 L. R. A. 426). We are not meaning to hold that there can be no circumstances under which a passenger may not be criminally liable with the driver for the unlawful operation of the car. We can readily conceive of instances where this is possible. We do hold that under the evidence in the present case no conspiracy is shown as between Tillman and McCorkle, and that a charge on the subject of conspiracy was not authorized by the evidence. Only the person who was driving the car at the time of the collision, under the evidence in this case, may be convicted of the offense of involuntary manslaughter. "Where one jointly indicted with others for murder is on trial, if there is no evidence of conspiracy and the person on trial did not inflict the mortal wound, a verdict of guilty can not stand. . . . Mere presence and participation in the general transaction in which a homicide is committed is not conclusive evidence of consent and concurrence in the perpetration of a crime by a defendant sought to be held responsible for the homicide as aiding and abetting the actual perpetrator, unless such defendant participated in the felonious design of the person killing." *Fudge* v. *State*, 148 *Ga.* 149 (95 S. E. 980). The only circumstance that may tend to show that McCorkle was the driver of the car at the time the collision occurred is the evidence of Jones who swore that McCorkle was driving the car some mile and a half from the scene

of the wreck, when it was going in that direction. This, without more, is insufficient to show beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that McCorkle was driving when the wreck occurred. Especially is this true when the other circumstances and evidence in and of themselves tend to discredit the inference which may be raised by this circumstance. The court erred in overruling the motion for new trial.

Judgment reversed. *Broyles, C. J., and MacIntyre, J., concur.*