## 30680. O'NEAL *v.* THE STATE.

DECIDED NOVEMBER 29, 1944.

*Harvey J. Kennedy,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

GARDNER, J. 1. As to the general grounds, the evidence reveals: That the defendant and the deceased while at the home of the defendant and while under the influence of intoxicating liquor engaged in a difficulty; that the deceased drew a deadly weapon (a pocketknife) and cut at the defendant's head; that the defendant dodged the blow and shoved the deceased into the yard, and the deceased left the premises; that the defendant got his gun, whereupon for several minutes his wife, his sister-in-law, and a colored friend struggled with him for the gun, trying to take it from him, and during the meantime trying to persuade him not to pursue the deceased. The defendant prevailed, went some distance outside and in a few minutes—three to five—the fire of a gun was heard. Shortly thereafter he returned to his home and remarked, "I killed the son-of-a-bitch; if you don't believe I did, go down the road and see." The deceased was found the next morning by the side of the road, not far from the defendant's home, dead from a gunshot wound. He had an open knife in his hand. Tracks led from the defendant's house to within a few feet of the place where

the body of the deceased was found. The sheriff was notified, and in company with others went to the home of the defendant, who denied any knowledge of the killing. When questioned concerning the gun which was found in his home and which had been recently discharged, he claimed he had been squirrel hunting, but killed nothing. The following day he admitted the killing, but claimed that it was in self-defense. The jury found him guilty of voluntary manslaughter and gave him a sentence of one year.

The evidence (a) is sufficient to sustain a verdict of voluntary manslaughter under the principle of slaying under a heat of passion because of the previous difficulty between the defendant and the deceased; and (b) is sufficient, in connection with the defendant's statement, to sustain a conviction of voluntary manslaughter under the principle of mutual combat; for the jury were authorized to infer that both the defendant and the deceased mutually agreed to fight and that both were armed with deadly weapons, and that it was while thus engaged in a mutual intent to fight to the death that the defendant took the life of the deceased, and not in his own defense. Certainly it can not be very seriously contended that there was no doubt concerning the applicability of this theory. If there were a doubt, it was the duty of the court to submit it to the jury and let them determine it. *Graham* v. *State,* 34 *Ga. App.* 598 (2) (130 S. E. 354). The court did not err in overruling the motion for a new trial so far as the general grounds are concerned.

2. Special ground 1 is abandoned. Special grounds 2 and 3 assign error because of alleged erroneous charges of the court. The effect of the assignments of error on the charge are that the court assumed that a crime had been committed and expressed the opinion that the offense of voluntary manslaughter had been proved. The defendant was indicted for murder. After the evidence had been completed the solicitor-general stated to the court that there would be no insistence on a verdict against the defendant for murder, but that the State asked the court to submit to the jury only the question of voluntary manslaughter. The court consented to this request, and in the beginning of his charge stated: "The indictment . . charges the defendant with murder, but is considered by the State as a charge of voluntary manslaughter only. The State has the right to present that phase of the homicide to

the jury for the jury's consideration under all the evidence in the case, to determine whether or not the defendant is guilty of the offense of voluntary manslaughter. The defendant has entered his plea of not guilty, and the charges in the indictment and the defendant's plea of not guilty form the issue which you are to try. The defendant enters into the trial of the case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial until it is met and overcome by evidence which satisfies you of the defendant's guilt of the crime of voluntary manslaughter beyond a reasonable doubt. I charge you that moral and reasonable certainty is all that the law requires in legal investigation. Whether dependent upon positive or circumstantial evidence, the true question in every criminal case is not whether the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the minds and consciences of the jury of the defendant's guilt beyond a reasonable doubt. Manslaughter is defined in our Code as follows: Manslaughter is the unlawful killing of a human creature, without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary, upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection. There is no element of involuntary manslaughter in this case, but the crime of voluntary manslaughter is in the case, and that is the only grade of homicide which the State insists on its part that the defendant is guilty of. Now, in all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Now, the law does not fix the rule, gentlemen of the jury, as to what other equivalent circumstances may be involved in the case to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied. It only presents to the jury the question whether or not under all the facts and circumstances of the case the defendant was justified in killing the deceased. As I have stated to you, the defendant pleads not guilty to that charge. The defendant says he is innocent although he admits that he killed the deceased. He denies that he is

guilty of the crime of manslaughter under this charge, as the State contends he is, and that forms the issue you are now to try in this case, whether or not he is guilty of voluntary manslaughter or not guilty of voluntary manslaughter. The defendant contends, gentlemen of the jury, that he was justifiable in doing what he did at the time the fatal shot was fired and the deceased was slain. He contends that he was justified on the grounds our Code expresses in words I will now read to you: There being no rational distinction between excusable and justifiable homicide, it shall no longer exist. Justifiable homicide is the killing of a human being by commandment of the law in execution of public justice; by permission of the law in advancement of public justice; in self-defense; or in defense of habitation, property or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either."

In special ground 2 the defendant excepts to the following excerpt from the above charge: "There is no element of involuntary manslaughter in this case, but the crime of voluntary manslaughter is in the case, and that is the only grade of homicide which the State insists on its part that the defendant is guilty of." In special ground 3 the defendant excepts to this excerpt of the charge: "The defendant says he is innocent although he admits that he killed the deceased." When we consider the setting of the excerpts assigned as error in the light of the charge and as to what transpired during the progress of the trial, there is no merit in this assignment. The court was merely explaining to the jury that the only issue for them to determine was whether the defendant was guilty of the offense of voluntary manslaughter. The facts of the case at bar are entirely different from the facts in the cases relied upon by the plaintiff in error as follows: Minor v. State, 58 Ga. 551 (3); Phillips v. State, 131 Ga. 426 (62 S. E. 239); Freeman v. State, 158 Ga. 369 (4) (123 S. E. 126). In the instant case the defendant admitted that he killed the deceased, but claimed that at the time he killed the deceased the deceased was attacking him with a pocketknife and that he took the life of the deceased in self-defense. Thereafter the court charged fully the principle of slaying under the fears of a reasonable man, the doctrine of mutual combat, and self-defense as it related to his person and to his habitation; and during the course of his charge fur-

ther stated concerning the matter on which error is assigned as follows: "Now, as I have stated to you, the defendant pleads not guilty to any crime at all under this indictment. The burden is upon the State to prove to your satisfaction and beyond a reasonable doubt that he is guilty of the crime of voluntary manslaughter, and that is a question for you alone to determine. You are the sole judges of the facts in the case, and you are the sole judges of the credibility of the witnesses in the case, and it is for you to determine from all the facts and circumstances of the case, together with the principles of law given you in charge, as to whether or not the defendant is guilty or innocent under this charge of voluntary manslaughter." Therefore, in view of the entire charge, the assignments of error in special grounds 2 and 3 do not show reversible error.

3. Special grounds 4, 5, 6, and 7 assign error on the charge because it was confusing to the jury, and prejudicial to the defendant to the effect that the law of self-defense, mutual combat, and reasonable fears were so stated that the jury could not distinguish and understand the different principles of law given, and that mutual combat was not involved under the evidence nor under the defendant's statement. We have read the entire charge carefully, and we have reached the conclusion that it was more favorable to the defendant than the law would exact without a written request. Under the whole record we are convinced that the defendant received exceeding leniency at the hands of the jury. No doubt this leniency was extended on account of the good character which he proved and the further fact that the deceased himself was not blameless. Both were at fault. Granting that there were inaccuracies in the charge, they were not such as to demand a reversal of the judgment.

Judgment affirmed. *Broyles, C. J., and MacIntyre, J., concur.*