32145. McDOWELL *v.* THE STATE.

Decided January 27, 1949.

*W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.

*Frank B. Willingham, Solicitor-General,* contra.

MacIntyre, P. J. ■ ■ ■ ■ None of the rulings made in the headnotes require elaboration save that in the fourth and we shall discuss only that ruling here.

■ The evidence in the instant case would have authorized a verdict of murder, but it would not have authorized a verdict of voluntary manslaughter. The defendant's statement to the jury, which in its entirety was: "Well, gentlemens of the grand jury, the case they have got me accused of I am not guilty," if believed by the jury would have authorized an acquittal. There is no view of the evidence or the statement of the defendant to the jury under which a verdict of manslaughter could have been legally rendered and it was reversible error for the court to charge the jury on the law of voluntary manslaughter. *Dyal* v. *State*, 97 *Ga.* 428 (25 S. E. 319) ; *Herrington* v. *State*, 125 *Ga.* 745 (54 S. E. 748) ; *Lester* v. *State*, 125 *Ga.* 747 (54 S. E. 749). Consequently a new trial should have been granted and the court erred in over-ruling the motion for a new trial.

It might be noted here that in the case of *McDowell* v. *State*, supra, Mote McDowell was there jointly indicted with the de-fendant in the instant case and separately tried for murder, found guilty of voluntary manslaughter, and sentenced to from 18 to 20 years in the penitentiary, but that case is differentiated from the instant one in that Mote McDowell there made a detailed statement to the jury of what happened at the time of the homicide from which statement in connection with the evidence the jury was authorized to find a verdict of voluntary man-slaughter while here the defendant, O. B. McDowell, in his state-ment to the jury merely said, "I am not guilty," of the crime of which I am accused and there was no view of the evidence or the defendant's statement under which a verdict of voluntary manslaughter could be rendered.

*Judgment reversed. Gardner and Townsend, JJ., concur.*