STATE v. MOLLIE BANKS, JR., SAMUEL PERRY AND OREN EVANS.

(Filed 25 May, 1955.)

**1. Burglary § 11—**

   In this prosecution for unlawful and felonious breaking and entering, the evidence *is held* sufficient to take the case to the jury as to each defendant, and their motions to nonsuit were properly overruled.

**2. Criminal Law § 8b—**

   An instruction that mere presence is enough to make one an aider and abettor where both or all of the defendants are friends, *is held* to constitute prejudicial error.

APPEAL by defendants from *Clarkson, J.,* at November Term, 1954, of STANLY.

Criminal prosecution upon a bill of indictment charging in substance that defendants, naming them, on 10 July, 1954, did unlawfully, willfully, and feloniously break and enter a certain building occupied by one Auten Motor Company, wherein merchandise, chattels, money, valuable securities of said company were being kept, with intent to steal, take and carry away the same.

Verdict: Guilty as to each of the three defendants.

Judgment: That each defendant be confined in Central Prison for a period of five to seven years.

Defendants, and each of them, appeal therefrom to Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Taylor & Mitchell and W. Frank Brower for defendants, appellants.*

WINBORNE, J.   Appellants contend, first that the trial court erred in refusing to allow their motions, aptly made, for judgment as of nonsuit.

Considering the evidence, shown in the record of case on appeal, in the light most favorable to the State, as is done when testing the sufficiency thereof to withstand the challenge of demurrer thereto, this Court is of opinion and holds that the evidence is sufficient to take the case to the jury as to each defendant, and to support a conviction as to each of them on the charge under which they stand indicted.   Hence the exceptions to denial of their motion for judgment as of nonsuit were properly overruled.   However, as there must be a new trial, for reasons hereinafter stated, the Court refrains from a discussion of the evidence in detail.

Appellants contend next, and properly so, that there is prejudicial error in the charge of the court in respect to the law relating to aiding and abetting. The court used this language: "Mere presence, the courts have held, is enough to make one an aider or abettor where both or all of the defendants are friends." True this portion of the charge appears within an extended declaration of the law, yet it is set apart as a complete sentence, without qualification. In appropriate connection this Court in *S. v. Holland*, 234 N.C. 354, 67 S.E. 2d 272, opinion by *Johnson, J.*, declared that "it is settled law that all who are present, either actually or constructively, at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for that purpose, to the knowledge of the actual perpetrator, are principals and are equally guilty . . . 'A person aids when, being present at the time and place, he does some act to render aid to the actual perpetrator of the crime though he takes no direct share in its commission; and an abettor is one who gives aid and comfort, or either commands, advises, instigates or encourages, another to commit a crime,' " citing *S. v. Johnson*, 220 N.C. 773, 18 S.E. 2d 358. See also *S. v. Birchfield*, 235 N.C. 410, 70 S.E. 2d 5.

And in *S. v. Williams*, 225 N.C. 182, 33 S.E. 2d 880, it is stated: "Though when the bystander is a friend of the perpetrator, and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement, and in contemplation of law this was aiding and abetting." *S. v. Holland, supra.*

However, it is not understood that this Court has gone so far as to hold that "mere presence . . . is enough to make one an aider or abettor where both or all of the defendants are friends." Compare *S. v. Birchfield, supra.*

There are other assignments of error based upon numerous exceptions,—none of which is of sufficient import to merit express consideration. They may not recur upon another trial.

For reasons stated, let there be a

New trial.