### STATE v. ARCHIE MALCOLM DUTCH.

(Filed 7 June, 1957.)

**1. Automobiles § 76—**

If the owner and driver of an automobile fails to stop and give his name, address and license number, after an accident resulting in injury to a person in violation of G.S. 20-166(a) and G.S. 20-166(c), an occupant of the car, merely because he is a guest passenger in the car driven by the owner, is not guilty as an aider and abettor.

**2. Same: Criminal Law § 8b—Where two occupants of car each testify the other was driving, jury must determine which was driving to convict the other as abettor.**

The State's evidence tended to show that a car with two occupants, one of whom was the owner, was involved in a collision resulting in personal injury to another, and that the driver failed to stop at the scene of the accident, but stopped a distance therefrom where the occupants pried the fender from the tire. Each occupant of the car testified that the other was driving. An instruction that the occupant who was not the owner might be convicted as an aider and abettor if he encouraged, assisted or aided the driver thereof, which instruction is not predicated upon the jury's finding that the owner was driving, and which fails to apply the general law as to guilt as an aider and abettor to the facts adduced by the evidence, must be *held* for prejudicial error as failing to explain the applicable law. G.S. 1-180.

APPEAL by defendant Archie Malcolm Dutch from *Hall, J.,* December Term, 1956, of SCOTLAND.

Appellant, hereinafter called Dutch, and also one Ellerbe Cox, hereinafter called Cox, were separately indicted; but, upon consolidation, the two cases were prosecuted in a single trial.

Each bill of indictment charged that the defendant named therein did, on 14 July, 1956, unlawfully, wilfully, knowingly and feloniously, "operate and drive a motor vehicle when it was involved in an accident resulting in injury to one Sam Wright and did fail, refuse, and neglect to immediately stop the said motor vehicle he was then driving at the scene of said accident and give his name, address, operator's or chauffeur's license number and registration number of the said motor vehicle

to the person struck, viz.: Sam Wright and did fail to render any assistance to the said Sam Wright," etc.

The jury found both defendants guilty as charged. Judgments, imposing prison sentences, were pronounced. Dutch appealed.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Joe M. Cox for defendant, appellant.*

BOBBITT, J. The State offered plenary evidence that on 14 July, 1956, at night, the car operated by Wright and a 1941 Ford, later identified as the Cox car, were involved in an accident resulting in injury to Wright; that these cars, proceeding in opposite directions, collided on Wright's side of the highway, the contact being from the bumper to the rear fender along the left side of each car; that the driver of the Cox car did not stop at or return to the scene of the accident; and that, as disclosed by subsequent investigation, the *occupants* of the Cox car when involved in said accident were Cox and Dutch.

Both defendants offered evidence. Evidence in behalf of Dutch, including his positive testimony, tended to show that Cox was the driver. Evidence in behalf of Cox, including his positive testimony, tended to show that Dutch was the driver.

There was evidence that, after the accident, the Cox car stopped some distance from and out of sight of the scene of the accident, at which time a fender, dragging against a tire, was lifted therefrom. With reference thereto, the testimony of Cox and that of Dutch was in conflict as to whether Dutch helped Cox lift the fender from the tire and as to whether Cox or Dutch drove the Cox car away from the place where this incident occurred.

In charging the jury, the court gave this instruction:

> "In this case, as to defendant, Archie Malcolm Dutch, I instruct you, if the State of North Carolina has satisfied you from the evidence and beyond a reasonable doubt that the motor vehicle occupied by the two defendants, was driven and involved in an accident or collision with a motor vehicle driven by witness, Sam Wright; that Mr. Wright was personally injured in the accident; that the driver of the motor vehicle, occupied by the two defendants, knew that his vehicle had been involved in an accident, resulting in injury to the person of the occupant of the other vehicle; that the driver of the car occupied by the two defendants, wilfully failed to stop at the scene of the accident, wilfully failed to give his name, address, operator's license number and registration number and wilfully failed to render reasonable assistance to the in-

jured person; and if the State has further satisfied you from the evidence and beyond a reasonable doubt that defendant, Dutch, was driving the vehicle at the time, that is, the vehicle occupied by the two defendants, (or if not driving, that he encouraged, assisted, aided and abetted the driver thereof, in all of said acts and conduct and participated therein as an aider and abetter, as I have explained the law of aiding and abetting to you, it would be your duty to find the defendant, Dutch, guilty as charged;) . . ."

As to Cox, the court gave the same instruction.

Dutch assigns as error the portion of the quoted instruction indicated by parenthesis.

If Dutch was the driver, the evidence was sufficient to support his conviction of the crime for which he was indicted. But, under the instructions given, the verdict does not establish the identity of the driver; nor do the instructions predicate Dutch's guilt as an aider and abettor upon a prior finding that Cox was the driver.

Under the evidence, Dutch's criminal responsibility, if any, as an aider and abettor presupposes that Cox was the driver. There was sharp conflict between the testimony of Cox and that of Dutch as to the identity of the driver. But the fact that this conflicting testimony was in evidence did not establish that either Cox or Dutch was the driver. The identity of the driver of the car was a material fact for jury determination.

It does not appear, from the charge or otherwise, that the State made any explicit contention as to the identity of the driver. The State's theory seems to have been that, regardless of the identity of the driver, the other occupant was guilty as an aider and abettor. The fallacy of this theory is that unless and until the State established from the evidence beyond a reasonable doubt that Cox was the driver, there existed no factual basis upon which the court could predicate instructions bearing upon Dutch's criminal responsibility, if any, as an alleged aider and abettor.

It is noted that G.S. 20-166(a) and G.S. 20-166(c), the statutory provisions upon which the indictments are based, refer repeatedly to "the driver of any vehicle involved in an accident or collision resulting in injury or death to any person."

It is noted further that, in the instructions relating to guilt as an aider and abettor, no distinction was drawn between the status of Cox, the owner of the car, if Dutch were driving, and the status of Dutch, the guest passenger, if Cox were driving.

If we assume that Cox was the driver, and that Dutch was his guest passenger, there is no evidence that Dutch, by word or deed, aided and abetted Cox either at the time of the accident or between the time of

the accident and the time Cox stopped the car to fix the fender. It is clear that Dutch would not be guilty as an aider and abettor simply because he was a guest passenger in the Cox car when Cox committed the crime. *S. v. Banks,* 242 N.C. 304, 87 S.E. 2d 558.

The State bases its contention that Dutch may have been criminally responsible as an aider and abettor on Cox's testimony as to what occurred when the fender was lifted from the wheel and thereafter. But when this evidence is considered in the light of the fact that Cox, as owner of the car, had full authority to control and direct its operation, a serious question arises as to whether the evidence afforded a factual basis for any instruction as to Dutch's guilt as an aider and abettor. However, since other evidence may be offered at the next trial, we refrain from discussing in detail the evidence in this record bearing on that question.

In the quoted portion of the charge, the court referred to instructions previously given on the subject of aiding and abetting. These consisted of correct general definitions. They have been stated often and fully and need not be repeated. *S. v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241; *S. v. Banks, supra;* and cases cited therein. But the court did not instruct the jury that before Dutch would be guilty as an aider and abettor, the jury must first find from the evidence beyond a reasonable doubt that Cox was the driver; nor did the court instruct the jury as to any theory or factual basis upon which Dutch could be found guilty as an aider and abettor. Indeed, no appropriate instruction as to Dutch's criminal responsibility, if any, as an aider and abettor, could have been given unless predicated upon a prior finding that Cox was the driver.

While no mention thereof is made in the briefs, we have considered *S. v. Newton,* 207 N.C. 323, 177 S.E. 184. There the first count charged the two defendants jointly with an assault with a deadly weapon, to wit, an automobile. The original record discloses that the court's instructions were explicit to the effect that the jury should return a verdict of not guilty unless they were satisfied from the evidence beyond a reasonable doubt "that the defendants were the persons operating this car *jointly.*" (Italics added.) The *Newton case* is also distinguishable in other respects.

For the failure of the court to explain the applicable law arising on the facts in evidence, as related to Dutch's criminal responsibility, if any, as an aider and abettor, a new trial is awarded. G.S. 1-180; *S. v. Floyd,* 241 N.C. 298, 84 S.E. 2d 915; *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53.

New trial.