21536

Ralph Alexander WILSON, Appellant, v. STATE of South Carolina, Respondent.

(281 S. E. (2d) 128)

*David E. Taylor,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *Donald J. Zelenka,* Columbia, for *respondent.*

August 3, 1981.

GREGORY, Justice:

This appeal is from the denial of appellant Ralph Alexander Wilson's application for post conviction relief. We affirm.

On October 6, 1977 appellant entered pleas of guilty to separate indictments charging him with criminal sexual conduct with his then ten year old stepdaughter. Upon tendering the pleas to the court, appellant acknowledged under oath having intercourse on two occasions with his stepdaughter. He was sentenced to concurrent twenty-year terms of imprisonment.

Some twenty-six months later, appellant filed his petition for post conviction relief on several grounds. Issues raised concerning the voluntariness of the pleas, ineffective assistance of counsel, after discovered evidence and the denial by

the court below of a formal offer of proof are without merit. We have carefully examined the record and conclude no error is present. Accordingly, we dispose of these exceptions under our Rule 23.

Lastly, appellant contends a statement made by the State's attorney at the hearing below constituted a threat and chilled his testimony. He argues his motion for a mistrial, which was denied, should have been granted. We disagree.

As appellant was preparing to testify regarding the voluntariness of his pleas, the State's attorney said: "[I]f he stands up there now and contradicts what he said then, he'll be committing perjury. And I assure him that we will do everything we can to prosecute him for perjury."

We find no authority for the proposition that such a statement is grounds for a mistrial in a post conviction proceeding. Nor do we consider the circumstances here appropriate for such a holding. The statement was prompted by the following colloquy between appellant's counsel and the court:

MR. TAYLOR: May it please the Court, at this time the petitioner would move that the state be foreclosed from pursuing any perjury charge against Mr. Wilson because of his testimony here today on the grounds that that is designed to have the effect, and in fact does have the effect, of chilling his rights to challenge the voluntariness of his plea. That is implicit—

THE COURT: I have noth— I can't forego that. What in effect you're asking me to do is to make the oath worthless, not effective, no need to have it, even the oath he took today. I don't know whether anybody will pursue it or not. I have no idea. I don't think I have the authority to do that. The challenged remarks by the State's attorney immediately followed this exchange.

The State was simply informing appellant of the consequences of his testimony in response to the request of coun-

sel for immunity. It is readily apparent from the request of counsel that appellant was already aware of the availability of a perjury prosecution in light of his proposed testimony, or the request would not have been made.

Ordinarily, the granting or refusal of a motion for a mistrial is a discretionary matter with the trial judge which will not be interfered with on appeal absent abuse. *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977). We find no abuse of discretion in this record.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.