## 0602

The STATE, Respondent, v. Kirk R. LEONARD and Richard E. Harrison, Jr., of whom Richard E. Harrison, Jr. is Appellant. Appeal of Richard E. HARRISON. The STATE, Respondent, v. Kirk R. LEONARD and Richard E. Harrison, Jr., of whom Kirk R. Leonard is Appellant.

(339 S. E. (2d) 159)

Court of Appeals

*Kellum W. Allen* of *Kirkland, Taylor, Wilson, Moore & Allen,* West Columbia and *Jack B. Swerling* of *Swerling & Harpootlian,* Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 21, 1985.

Decided Jan. 7, 1986.

CURETON, Judge:

Appellants Kirk Leonard and Richard Harrison, Jr. were jointly indicted, tried and convicted of reckless homicide due to the death of Jerrilynn Myra Blount following an automobile collision. In addition, Leonard was convicted of driving under the influence and driving under suspension. Although charged with DUI, Harrison was found not guilty. The appellants' appeals were consolidated for argument and decision. We affirm.

Both of the appellants raise the issues of whether the trial judge's instructions erroneously indicated that both men could be convicted of reckless homicide as principals and whether the trial judge erred in failing to submit to the jury special interrogatories for a finding as to which appellant was the driver of the car. Harrison raises two other issues: (1) whether the court erred in denying his motion to disregard all evidence of a blood alcohol test because an expert witness did not testify concerning the results; and (2) whether the court erred in denying his motion for a mistrial based upon Leonard's attorney's statements during closing argument. Leonard raises several other issues: (1) whether the court erred in denying his motion for severance and separate trials; (2) whether the trial judge erred in not granting his motion for a continuance to secure the testimony of an out-of-state witness; (3) whether the court of general sessions had subject-matter jurisdiction over the DUI first offense; and (4) whether the trial court erred in refusing to sever counts on DUI and DUS on the ground of surprise.

The evidence in the case may be summarized as follows.

On the evening of April 19, 1985, Harrison met his friend Leonard and they decided to spend a night out on the town.

Leonard was broke so Harrison loaned him money for beer and gasoline to fuel his car.[1] The appellants had a beer before they picked up four other friends. Then the group consumed a six pack as Leonard drove to the Dry Gulch Saloon in Richland County. They stayed at the Dry Gulch from 11:00 P.M. to 2:30 or 3:30 A.M. Everyone was drinking and there was testimony that the revelers smoked marijuana. From the Dry Gulch the group went to two convenience stores where they purchased more beer. Harrison directed Leonard to a secluded spot where the group drank until sunrise. Then, with Leonard still driving the four friends were dropped off at a Kroger supermarket and the appellants rode off by themselves.

The appellants talked about riding to Batesburg to find carpentry work and drove as far as Lexington before they decided to go home instead of driving to Batesburg. They stopped at a Red Diamond gas station and Harrison begrudgingly paid for more gas. When they left the gas station, heading for Harrison's home, Leonard was behind the wheel. Shortly thereafter, Leonard's car crossed the median and struck Mrs. Blount's car head-on. She was killed instantly. Harrison was injured and did not know that Mrs. Blount had died when, at the scene, he told Officer Steven Smith that he had been driving. At trial, however, testimony conflicted as to the identity of the driver at the time of the collision. Each appellant accused the other.

The day after the accident, Officer John Valderio interviewed Leonard who told him that he was not sure who drove the car away from the Red Diamond gas station. Leonard did not mention anything to him about changing seats with Harrison even though he testified to this effect at trial. He also testified that he did not tell anyone that his driving caused the accident. This testimony was contradicted by William Warren Wiggins, Leonard's elementary school classmate. Wiggins testified that he happened to meet Leonard in a doctor's office soon after the wreck. Leonard was there seeking treatment for his injuries. According to Wiggins, they conversed for about twenty min-

---

[1] Leonard testified that the car was actually owned by Debra Williams, his common-law wife.

utes and Leonard told him that he believed that he had been driving when the wreck occurred.

Evidence introduced at trial included expert testimony from SLED officers employed in the chemistry laboratory. Their testimony is Harrison's breathalyzer test read eleven one-hundredths of one percent;[2] Harrison's blood alcohol reading was eighteen one-hundredths of one percent; and based upon the location of hair samples taken from the car, one expert witness opined that Leonard was driving at the time of the wreck.

## I.
### Instructions Concerning Conviction of Both Men As Principals in the Crime of Reckless Homicide

Both appellants claim that the trial judge committed reversible error in giving the jury instructions to the effect that both could be convicted of reckless homicide. The crime of reckless homicide is set forth in Section 56-5-2910, 1976 Code of Laws of South Carolina, as follows:

When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide.

In conjunction with the instructions concerning Section 56-5-2910, the trial judge explained that under Section 2-7-30, the word "person" may include more than one person. Additionally, after the judge read verbatim Sections 56-5-6120[3] and 56-5-6110[4] to "aid in our [jury's] understand-

---

[2] According to Section 56-5-2950(b)(3), 1976 Code of Laws of South Carolina, a reading of ten one-hundredths of one percent indicates intoxication.

[3] Section 56-5-6120 provides:

It is unlawful for the owner or any other person employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.

[4] Section 56-5-6110 provides:

Every person who commits, attempts to commit, conspires to commit or aids or abets in the commission of any act declared herein to be a crime, whether individually or in connection with one or more other persons or as a principal, agent or accessory, shall be guilty of such offense and every person who falsely, fraudulently, forcibly or willfully induces, causes, coerces, requires, permits or directs another to violate any provisions of this chapter is likewise guilty of such offense.

ing of the statute of reckless homicide," he gave the following explanation:

> This is a restatement of the common law of this state which deals with the subject of aiders and abetters wherein it is said where two or more persons are present and aiding, abetting, helping, and assisting each other in the commission of any crime, both (sic) them are guilty as principals. Wherein it may be said the hand of one is the hand of all. The law does not distinguish in such an instance where both are present and aiding, assisting, abetting in the commission of any crime, they are both held as principals and not as accessories.
>
> . . . .
>
> I charge you as follows: the owner or person in control of a motor vehicle may be criminally liable for a homicide committed in operating a vehicle not only when he is operating it personally, but also when he procures or permits the vehicle to be driven by another person who is in the vehicle with him.[5]

Leonard's objections to the charge to the jury are twofold. First, he argues that Sections 56-5-6110 and 56-5-6120 should not have been read to the jury because these code sections were not charged in the indictment and in a criminal case a defendant is entitled to be tried only on the charges in the indictment. This argument is without merit. Leonard was not tried for or convicted of the offense of aiding and abetting, but rather he was tried and convicted as a principal.[6] Our Supreme Court has affirmed the conviction of a traffic law violator, claiming to be a mere passenger, who was not separately indicted for aiding and abetting but rather was indicted as a principal and the jury was charged on the law of principals. The court reasoned

---

[5] This paragraph is taken from 7A Am. Jur. (2d) *Automobile and Highway Traffic* Section 326 (1980).

[6] The trial judge properly charged the jury on Section 56-5-6110. This section does not in itself create a distinct crime. Rather, it simply embodies the common-law doctrine of liability as an aider and abetter. Here, Section 56-5-6110 makes an aider and abetter guilty of a violation Section 56-5-2910. Separate indictment under Section 56-5-6110 is unnecessary.

that "since one who is present, aiding and abetting the commission of a crime, is a principal [he] may be convicted on an indictment charging him alone as such." *State v. Cox*, 258 S. C. 114, 187 S. E. (2d) 525, 528 (1972).

Leonard's second argument is that the instruction led the jury to believe that if either man were guilty of reckless homicide, both had to be convicted. This argument ignores the fact that with regard to the reckless homicide count, the trial judge also advised the jury that:

> [F]or *either* of the defendants or *both* of them to be found guilty of the offense of reckless homicide, it must be established that not only was the conduct of the *party or parties* reckless but that this conduct was a proximate cause which caused a homicide of the victim in this case. It is not enough that there was the tragedy of death and neither is it enough to show that *either or both* of the defendants was present. If you do not find that proximate cause present with respect to the conduct of *either* or *both*, then the proof fails and the *defendant* or *defendants* would be entitled to a verdict of not guilty at your hands. (Emphasis added).

Harrison raises two objections to the jury instructions. First, he argues that the trial judge committed the same error which required a reversal of the defendant's conviction in *State v. Dutch*, 246 N. C. 438, 98 S. E. (2d) 475 (1957). *Dutch* involved a hit and run collision between an automobile containing two occupants and another vehicle which resulted in injuries to the driver of the second vehicle. The two occupants who were separately indicted and jointly tried, testified that the other was the driver. There was also little evidence presented showing that *Dutch* was more than a mere guest passenger. (The Court declined to discuss at length the sufficiency of this evidence in view of the fact that *Dutch* would be retried.) The judge's charge required the jury to identify which man was the driver and which man was an aider and abetter. Both men were convicted as charged. In reversing, the Court explained that the state's theory that regardless of the identity of the driver the other was guilty as an aider and abetter, was fallacious because of

the absence of facts showing the passenger was an aider and abetter.[7] 98 S. E. (2d) at 477.

This case is distinguishable from *Dutch.* Here both men were jointly indicted and there was much evidence adduced "to form the basis for a reasonable inference of complicity." *State v. Cox,* 258 S. C. at 119, 187 S. E. (2d) at 528. Harrison loaned Leonard money for gasoline to fill his car for the cruising that they both engaged in during the twelve hours or so before the accident. Harrison also paid for the beer which they drank. At one point during the early morning hours, Harrison and Leonard set out for Batesburg together in search of employment. Later, Harrison paid for additional gasoline and expected Leonard to drive him home even though he was aware that Leonard's ability to drive had been compromised by drinking. Additional evidence of Harrison's complicity is his initial statement to Officer Smith that he was the driver. Plainly, under these facts, the case here is distinguishable from *Dutch.* See 61A C.J.S. *Motor Vehicles* Section 657(5) (1970) ("A guest or passenger in a motor vehicle who was not on a joint mission with the driver, had no control over him, was not negligent, and did not do or say anything to cause the accident, cannot be convicted as a principal for murder or other criminal homicide for the death of a person caused thereby.")' *cf. McCorkle v. State,* 61 Ga. App. 743, 7 S. E. (2d) 332 (1940) (occupants of a car were jointly indicted for murder but convicted of involuntary manslaughter). Conviction of passenger reversed because there was no evidence indicating defendants engaged in a conspiracy or joint enterprise); *see also State v. Caldwell,* 231 S. C. 184, 98 S. E. (2d) 259 (1957) (issue of passenger liability not raised, but both appellants were convicted of involuntary manslaughter when the death of the victim was caused by her falling and being struck by the car which both appellants occupied but one was driving).

[7] The Court went on to distinguish *Dutch* from *State v. Newton,* 207 N. C. 323, 177 S. E. 184 (1934). *Newton* involved the conviction of both a driver and passenger of several crimes including DUI and reckless driving. The judge charged the jury that the defendants should be found not guilty "unless they were satisfied from the evidence beyond a reasonable doubt 'that the defendants were the persons operating the car *jointly.*'" 98 S. E. (2d) at 478. In *Newton* apparently the Court determined that the defendants were jointly liable as principals.

Harrison's second argument is that the trial court erred in reading Section 56-5-6120 to the jury. We reject his argument. The law to be charged is determined from the evidence adduced at trial. *State v. Dingle*, 279 S. C. 278, 288, 306 S. E. (2d) 223, 229 (1983). Evidence was presented to the effect that Leonard's wife owned the car and Leonard was in control of the car during the evening. If Leonard were driving at the time of the accident, this provision implicates Harrison only if he somehow directed or knowingly permitted Leonard to operate the car in a manner contrary to law. Since there was evidence to the effect that Harrison had directed or knowingly permitted Leonard to drive him home when he knew Leonard was intoxicated, we see no error in this charge. In reviewing a jury charge for error, we must consider the charge as a whole in light of the evidence and issues presented at trial. *State v. Hyman*, 276 S. C. 559, 281 S. E. (2d) 209 (1981). Having done this, we find no error in the judge's charge.

## II.
### Special Interrogatories

Both appellants argue that the trial judge erred in denying appellants' request that the court submit special interrogatories to the jury. Both also claim that Section 15-33-30 authorizes the trial court to submit special interrogatories to the jury. We see no error in the trial judge's decision not to use special interrogatories. Firstly, this provision is found in the Code under Civil Remedies and Procedures. Secondly, the decision to use special interrogatories to obtain a special verdict lies within the trial judge's discretion. *Clanton's Auto Auction Sales, Inc., v. Campbell*, 230 S. C. 65, 94 S. E. (2d) 172, 175 (1956).

## III.
### Testimony Concerning Blood Alcohol Level

Harrison argues that the trial court erred in refusing to strike evidence concerning the blood test which showed his blood alcohol level to be .18 per cent because expert testimony was not offered to show a correlation between breath and blood analysis. Harrison did not object

to this evidence when it was received; rather he waited until the close of evidence to move that this testimony be stricken and the solicitor be directed not to mention this evidence in oral argument. The court sustained his motion regarding the solicitor's argument, but refused to strike the testimony from the record. We hold that a motion to strike is addressed to the trial court's discretion and we see no error in the trail judge's not granting the untimely motion. *State v. Millings*, 247 S. C. 52, 145 S. E. (2d) 422, 423 (1965). Harrison should have made his objection to this evidence at the time it was introduced. *State v. Norris*, 253 S. C. 31, 168 S. E. (2d) 564, 568 (1969) (objection that photographs were prejudicial or inflammatory should have been made when they were offered in evidence); *State v. Warren*, 207 S. C. 126, 35 S. E. (2d) 38, 41 (1945) (timely objection should be made to incompetent evidence). Moreover, even if the trial judge erred in not striking the testimony concerning the blood alcohol level, this error would be harmless because Harrison was not convicted of DUI even though the breathalyzer test indicated he was intoxicated.

## IV.
### Harrison's Motion For Mistrial

During oral argument Leonard's attorney stated that Harrison had been charged with DUI second. Harrison's attorney objected immediately. The trial judge sustained the objection. Thereafter, Harrison moved for a mistrial based on the reference to DUI second. Motions for mistrial are addressed to the discretion of the trial judge whose decision will not be disturbed on appeal absent a showing of abuse. *Wilson v. State*, 276 S. C. 609, 281 S. E. (2d) 128 (1981); *State v. Hill*, 268 S. C. 390, 234 S. E. (2d) 219, 221 (1977). Moreover, Harrison has the burden of showing that the closing argument was prejudicial to the extent that he was denied a fair trial. *See State v. Durden*, 264 S. C. 86, 93, 212 S. E. (2d) 587, 590-91 (1975). Harrison has failed to make such a showing.

## V.
### Leonard's Motion For Severance For Separate Trials

We see no error in the trial judge's denial of the motion for severance. "[T]he granting or denial of a motion for severance and separate trials is addressed to the discretion of the trial judge. Unless that discretion is abused, his decision will not be disturbed. The general rule applies with equal force when, as in the instant case, the motion is based upon antagonistic defenses." *State v. Allen,* 266 S. C. 175, 182-83, 222 S. E. (2d) 287, 290 (1976).

## VI.
### Leonard's Motion For Continuance To Locate Witness

We see no error in the trial judge's denial of the motion for a continuance. Leonard's motion, made after the jury had been impaneled, sought extra time for him to locate an out-of-state witness whose testimony would duplicate other eyewitness testimony. The granting or denial of a motion for a continuance is addressed to the discretion of the trial judge and absent a showing of prejudicial abuse, his decision will not be disturbed on appeal. "[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth." *State v. Lytchfield,* 230 S. C. 405, 409, 95 S. E. (2d) 857, 859 (1957). Moreover, a motion for continuance based on grounds which exist prior to trial ordinarily must be made before the jury is sworn. *State v. Greuling,* 257 S. C. 515, 520, 186 S. E. (2d) 706, 708 (1972).

## VII.
### Subject-Matter Jurisdiction of DUI-First Offense

Leonard argues that the circuit court lacks subject-matter jurisdiction over DUI first offense. We disagree. Circuit courts have general criminal jurisdiction unless exclusive jurisdiction has been given to an inferior court. South Carolina Constitution, Article V, Section 7. Magistrate's courts have exclusive jurisdiction over criminal cases in which the punishment does not exceed a fine of $100 or thirty days in jail, "except [in those] cases in which an offense within the jurisdiction of a magistrate is included in the charge of an offense beyond his jurisdic-

tion. . . ." Section 22-3-540. The maximum penalty for DUI, first offense, is a fine of $200 or thirty days in jail. Section 56-5-2940. There is no grant of exclusive jurisdiction over this offense to magistrate's court. Therefore, the circuit court properly exercised its original concurrent jurisdiction over the matter. *See State v. Keenan*, 278 S. C. 361, 365, 296 S. E. (2d) 676 (1982). Moreover, this case plainly falls within the exception expressed in Section 22-3-540. Judicial economy was served by trying together the charges which arose out of the same event.

## VIII.
### Leonard's Motion To Sever DUI and DUS Charges On Ground of Surprise

Near the end of the trial Leonard moved to "exclude DUI first and DUS second as being untimely interjected into counts 3 and 4." His reason for the motion was "very little time for preparation." This motion for a continuance was properly denied. Where a motion for a continuance has been made by a defendant based upon a contention of inadequate time for trial preparation, the trial judge's exercise of discretion is rarely disturbed on appeal. *State v. Livingston*, 233 S. C. 400, 407, 105 S. E. (2d) 73 (1958). Moreover, this motion was made untimely. *State v. Greuling*, 257 S. C. at 520, 186 S. E. (2d) at 708.

Having found no error, the convictions of the appellants are

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.