THE STATE OF WYOMING,
*Plaintiff and Respondent,*

vs.

NORRIS JACKSON,
*Defendant Appellant.*

(No. 2682; December 20th, 1955; 291 Pac. (2d) 798)

14

16

For the defendant and appellant the cause was submitted upon the brief of Scotty Gladstone of Sundance, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of George F. Guy, Attorney General, Robert L. Duncan and Bob C. Sigler, Special Assistant Attorneys General, all of Cheyenne, Wyoming.

18

## OPINION

BLUME, Chief Justice.

On May 6, 1954, the county and prosecuting attorney of Crook county, Wyoming, filed an information against the defendant Norris Jackson, charging that the latter on August 3, 1953, "did wilfully and unlawfully drive a motor vehicle while under the influence of intoxicating liquor to a degree which rendered him, the said Norris Jackson, incapable of safely driving a motor vehicle." The information was sworn to by J. O. Brown.

Trial of the case was commenced on May 25, 1954. The jury impaneled in the case found the defendant guilty as charged. Thereupon the court imposed the following sentence:

"It is therefore Ordered, Considered, Adjudged and Decreed by the Court that you, Norris Jackson are guilty of the crime charged in the information. That you be and you are hereby sentenced to the county jail of Crook County, Wyoming, for a period of 15 days and that you be and are hereby fined in the sum of $90.00 and $184.00 costs and that you be remanded to the custody of the Sheriff of Crook County, Wyoming, and be imprisoned and confined in the said county jail for the term hereinabove specified, and unless said fine is paid, for such further period as shall satisfy said fine at the rate of one dollar per day.

"It is further ordered that the driver's license of said Norris Jackson be suspended for a period of 30 days and it is further ordered that you, the said Norris Jackson, surrender to the court your driver's license to be dealt with according to law."

From that judgment the defendant has appealed to this court.

At the time of the trial, the defendant was a truck driver. What he was before that time does not appear,

except that at times he worked as a bartender at Frederiksen's bar in Sundance, Wyoming. The evidence tends to show the following: On August 3, 1953, defendant met Merle Hoyer at Sundance, Wyoming, and asked the latter to go with him to Spearfish, South Dakota, where the defendant wanted to have some repairs made on the automobile owned by him or at least under his control. They started about 10:30 in the morning. As to what took place during the trip to Spearfish and back to Sundance appears from the testimony of Merle Hoyer. From that it appears that the defendant had one or two drinks of whiskey before starting to Spearfish; that he had two or three drinks of whiskey at Beulah, going to Spearfish; that he had some drinks of whiskey at Spearfish; that he had some drinks of whiskey at Beulah coming back; that he had three or four drinks of whiskey at Sundance after their return from the trip. Merle Hoyer desired to see a Mrs. Hart about renting a house. So the defendant and Hoyer used the automobile to reach the residence of Mrs. Hart. On the way the car was driven into a ditch. The witness Joe Frank testified that he saw the car as it was driven past his filling station; that the driver was the defendant and that the witness Hoyer was with him. After the car went into the ditch, the witness Hoyer walked to a residence about a block away in order to acquire help to get the car out of the ditch. He did not receive any help and walked back to a bar in Sundance where he met his wife. After the car went into the ditch, John O. Brown, the city marshal, after his attention was called to the facts, went to where the car was located. Jackson was in the car slumped over the steering wheel. Brown had to help him to get out of the car; smelled liquor on the defendant and found a pint of liquor in the car. Brown further testified that defendant could not walk but staggered and was intoxicated, and was taken to jail in Sundance. Lillian

Cressman, Ivan Cressman, Frank Kokes and Tillie Hoyer all testified that they saw the defendant slumped over the steering wheel of the car, and that he was intoxicated. The defendant himself testified that Merle Hoyer was the driver of the car and that while he was slumped over the steering wheel of the car, he was not intoxicated but was merely sleeping. He was asked among other questions: "Q But you had had enough that you were under the influence of liquor? A. I presume." He had as a witness one Karl Frederiksen, but so far as his testimony is concerned, he in no wise corroborated the defendant. His testimony was in the main immaterial, though he did not leave a very good impression as to the characteristics of the defendant regarding drinking of intoxicating liquor. Incidental facts, for instance that the defendant made threats at Hoyer if he should testify against him and the fact that he tried to have Hoyer state that he, Hoyer was the driver of the car, may be omitted.

Counsel for the defendant assigned 21 errors committed by the trial court. The first relates to a plea in abatement which was filed in the case. He states that the transcript of the testimony in the proceedings had are incompletely shown in the record before us and he mentions a number of matters which do not appear in the record. It is stated in 4 C.J.S. 1161:

"As a general rule the appellate court is confined, in its review of the case, to the record sent up. Matters not shown by the record proper, or presented by a bill of exceptions, statement of facts, etc., cannot be considered; and the record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented."

If the record in a case does not show all the facts which counsel think should be shown, then it is incumbent upon him to take the proper steps in order that the record may be complete. He has taken no such steps in the case at bar.

It appears herein that on May 25, 1954, immediately before the trial of the case, the attorney for the defendant entered his plea in abatement, stating the following reasons:

"That subsequent to the defendant's arraignment herein, and subsequent to his plea of not guilty entered herein on May 10, 1954, the above entitled Court did enter its order dismissing the appeal from a previous conviction for the identical offense had in the Police Court of the Town of Sundance, Crook County, Wyoming, which order dismissing said appeal was entered in said case on May 17, 1954; and that pursuant to the laws of the State of Wyoming applicable in such instances, to-wit, Sec. 15-208, WCS 1945, the defendant cannot now be tried for the same offense."

The plea was not sworn to although§ 10-819 W. C. S. 1945, states:

"No plea in bar or abatement shall be received by the court unless it be in writing, signed by the accused and sworn to before some competent officer."

Section 10-813 W.C.S. 1945, provides:

"The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or information,, or pleading in bar, or not guilty."

As above shown the plea in abatement in this case was filed after the defendant had pleaded not guilty and accordingly the plea came too late.

Let us consider the matter a little further. Counsel in his brief states as follows:

"Had the record of trial been complete, as discussed above, it would have shown that the defendant had been arrested, tried, and convicted in the police justice court of the Town of Sundance, Crook County, Wyoming, for drunken driving on the streets of the town on August 3, 1953; that he appealed from such conviction to the Sixth Judicial District Court; and that such appeal was dismissed by the said District Court by an order dated May 17, 1954, which was admittedly after the defendant had entered his plea of not guilty

herein, but which was prior to the trial, and the defendant and appellant presented such plea at the first sitting of the trial court in Crook County after such ruling, to-wit, on May 25, 1954. Such record would further have shown that such police justice court conviction was based on the identical facts and was the identical offense as in the case at bar."

In short counsel claims that because he had been tried in the police court in the town of Sundance, apparently for violating an ordinance, therefore he could not be tried again in the district court for violating the statutes of this state. Unfortunately, however, the authorities do not agree with counsel. It is said in 22 C.J.S. 449:

"Crimes are often punishable under municipal ordinances and also under the state law as offenses against the state, considered in the C.J.S. title Municipal Corporations, § 145, also 43 C.J. p. 225 note 19, and where the same act constitutes two crimes, one violating a city ordinance and the other a state statute, it is generally held in the absence of statute that one charged therewith may be tried for both, and that a conviction or an acquittal of either is no bar to a conviction of the other."

In 1 Cooley's Constitutional Limitations, 8th Ed., p. 414, the author says:

"Indeed, an act may be a penal offense under the laws of the State, and further penalties, under proper legislative authority, be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other."
Numerous authorities are cited. The contention of counsel is accordingly overruled.

The defendant asked the court to give instructions No. 7 and No. 9, reading as follows:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 7

"The jury are instructed that in a prosecution for driving while under the influence of intoxicating liquor,

where the evidence for the State rests largely on the testimony of a person in the vehicle who was then and there in company with the defendant, then the testimony of that witness must be corroborated by other independent facts and circumstances in the case; and the fact that the vehicle was found stuck where it was reported to be is not, in and of itself, any corroboration of the testimony of such witness.

"DEFENDANT'S REQUESTED INSTRUCTION NO. 9

"You are instructed that if the testimony of the witness Hoyer is taken as true—and on the question of the credibility of this witness as of other witnesses, you are to be the judges—it establishes that Hoyer was an accomplice in the offense charged.

"You are further instructed that while it is a rule of low in this State that a person may be convicted of a crime by the uncorroborated testimony of an accomplice, still the jury should always act on such testimony with great care and caution, and should subject it to careful examination in the light of all the other evidence in the case; and the jury ought not to convict upon such testimony alone unless, after a careful examination of such testimony, you are satisfied beyond all reasonable doubt of its truth and that you can safely rely upon it; and if you are not so satisfied, then you should not convict the defendant unless you believe the testimony of the witness Hoyer to be corroborated by other and credible evidence tending to show that the defendant was the driver of the vehicle."

The court refused to give these instructions. Counsel in his argument claims Hoyer was an accomplice and hence these instructions should have been given.

Counsel cites us to State v. Myers, 207 Iowa 555, 223 N. W. 166, State v. Storms, 233 Iowa 655, 10 N.W. 53, and 8 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., pp. 134 to 140.

In State v. Myers, supra, it appears the defendant was the owner of the car in question. He and the person who was driving his car had a conversation as to

which one was in the best condition to drive. The court sustained the conviction of the defendant, the owner of the car. The case is not in point. It is not disputed that the defendant owned or at least controlled the car and that Hoyer had no control over it.

In State v. Storms, supra, the defendant was convicted as the owner of the automobile in question. He caused another to drive the car and knew the driver was intoxicated and made no effort to prevent him from driving. The court in that case said that generally speaking there must be some affirmative act of participation or encouragement of the intoxicated driver on the part of the owner of the car.

We might incidentally say that these decisions from Iowa do not help the defendant, for if they apply (which we do not decide), the defendant is guilty of the crime charged, even if Hoyer drove the car as defendant claimed, for he was the owner of the car, or at least in control of it, and he must have known that Hoyer, too, was intoxicated as the evidence shows he was.

In 8 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., p. 136, the author says:

"Guests or other occupants are not criminally responsible as principals where there is no showing that they were on a joint mission with the driver, that they had control over him, that they were negligent, or that they did or said anything to cause the collision."

In 14 Am. Jur. 841, it is stated:

"Mere presence, acquiescence, or silence, in the absence of a duty to act, is not enough, however reprehensible it may be, to constitute one an accomplice."

See also McCorkle v. State, 61 Ga. App. 743, 7 S.E. 2d 332, 333, where the court stated:

"If he was not driving the car, he was not in the commission of an unlawful act by merely riding in the car."

Moreover the instructions are wrong. Asked instruction No. 7 states inferentially that the state rested largely on the testimony of Hoyer. That cannot be said to be true. Even if Hoyer had not testified at all there was ample evidence to convict the defendant of the crime with which he is charged. In fact we cannot see how a jury could have done otherwise. Instruction No. 9 states that Hoyer was an accomplice in the offense charged if his testimony were taken to be true. His testimony merely shows that Hoyer was a guest of the defendant and nothing more. The instructions were wrong and were properly refused.

Even if Hoyer were considered as an accomplice, it does not follow that the court had to give the cautionary instruction as mentioned in asked instruction No. 9. Our latest statement on that subject was in State v. Grider, Wyo., 284 P. 2d 400, in which there was much corroboration of testimony and it was held the court did not err in not giving a cautionary instruction as to testimony of accomplice. So as stated above, there is much corroboration of testimony in the case at bar. In fact as already mentioned, the jury could have convicted the defendant of the crime charged even if Hoyer had not testified at all.

The defendant asked the court to instruct the jury as follows:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 8

"You are instructed that the offense contemplated by the information and by the prosecution in this case concerns only such driving as resulted directly in the car's ending up stuck in a sewer ditch in Sundance; and that for the purpose of determining whether or not the defendant was the driver of the car at that time and place, you are not to consider any evidence in this case as to his having driven the car at any other place or during any earlier part of the day in question."

Counsel thinks the asked instruction was warranted in

view of our holding in State v. Slane, 48 Wyo. 1, 41 P. 2d 269, the first syllabus of which is as follows:

"Ordinarily, exact time crime was committed is not important, but circumstances in a case, as when evidence of two or more crimes appear, may render time important."

We think the case at bar presents an entirely different situation. There was no attempt to show a crime except on August 3, 1953. Men may but do not ordinarily become intoxicated by taking one drink of intoxicating liquor. The vice ordinarily lies in the fact that continuous drinking is apt to result in fatal consequences. Counsel states that the offense in this case might have been committed at various stages of the defendant's driving. He asks whether or not the defendant could successfully plead this conviction in this case in bar of a prosecution for drunken driving on the morning of August 3, 1953, say at Beulah, Wyoming. So it might be asked whether the defendant might not have been convicted as for a separate offense for every foot of driving which he did while he was intoxicated. It is quite clear that the matter must be considered in a reasonable light. In view of the fact that the State relied upon the defendant's driving while under the influence of liquor on August 3, 1953, and on no other day, we are inclined to answer the query of counsel in the affirmative. While it might not be true under any and all circumstances, we think it is true in the case at bar. The driving of defendant was one substantially continuous act, commencing with the time he started to go to Spearfish and ending when he drove his car into a ditch. The State relied upon the totality, as it were, of the driving of the defendant on August 3, 1953, and not upon several offenses committed on that day. All the drinking of whiskey that he did on that day was, so to speak, part of the res gestae. So we think the court did not err in refusing to give the instruction in question.

We need not, we think, discuss the remaining assignments of error in detail. The defendant asked for an instruction defining reasonable doubt. We discussed and disposed of that contention in State v. Goettina, 61 Wyo. 420, 158 P. 2d 865. We seriously doubt that the definition offered strengthened the instruction given by the court. Defendant complains of inconsistent instructions. All the instructions must be read together, and when so read they are not inconsistent. He complains that he was not granted a continuance to subpoena a witness by the name of A. E. Fort. He had an opportunity to do so before the continuance was asked and omitted to do so. Defendant complains that the court erred in restricting counsel in cross-examination. We find in reading the record that the court was very liberal in letting counsel cross-examine the witnesses. The points urged are not of importance. Even if error it was, not every error is prejudicial. Counsel also argues that the verdict and judgment are not sustained by sufficient evidence. Counsel is to be commended for his zeal in attempting to protect the rights of his client, but in view of the overwhelming evidence showing that the defendant not alone was guilty of the offense charged but was clearly and unmistakably guilty as shown by the record before us, which we have read with care, there is no merit in the contention and the zeal of counsel was overdone.

We find no prejudicial error in the record, and the judgment of the trial court is affirmed.

*Affirmed.*

HARNSBERGER, J., concurs.